UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

-oOo-

| | | |
|---|---|---|
| HUSSEIN S. HUSSEIN, an individual, | ) ) ) | 3:05-CV-00381-PMP-RAM |
| Plaintiff, | ) ) | |
| vs. | ) ) | **ORDER** |
| MARY DUGAN, an individual, LEAH WILDS, an individual, | ) ) ) ) | |
| Defendants. | ) ) | |

Before the Court for consideration are Defendant Mary Dugan's Motion for Sanctions in the Form of Attorney Fees (Doc. #387), Defendant Leah Wilds' Motion for Attorney Fees (Doc. #396), and Defendant Dugan's Motion to Supplement Motion for Sanctions in the Form of Attorney Fees (Doc. #429). The Court conducted a hearing regarding the foregoing motions on June 24, 2010.

The history of this case, as well as the context of this case in relation to nearly a dozen other lawsuits filed by Plaintiff Hussein S. Hussein arising from the same nucleus of facts, is adequately recounted in previous Orders issued by this Court, most particularly those entered on September 2, 2008, (Doc. #209) and September 8, 2009, (Doc. #361). In the Order entered September 8, 2009, the Court found that Plaintiff Hussein's claims against Defendant Dugan can be described only as vexatious, without reasonable basis and brought in bad faith. As a result, this Court ordered an award of $57,000 in attorney fees against Plaintiff Hussein and

his counsel Jeffrey A. Dickerson. Although the Court's Order (Doc. #361) also denied four separate motions for sanctions filed by Plaintiff Hussein against Defendants Mary Dugan and Leah Wilds, the Court did not make an award of attorney fees against Plaintiff Hussein and his counsel with respect to those particular motions. The Court did, however, admonish Plaintiff Hussein and his counsel, Jeffrey Dickerson, that further motions for sanctions on behalf of Plaintiff would not be entertained and may result in the imposition of sanctions by the Court *sua sponte*.

No subsequent motions for sanctions have been brought by Plaintiff Hussein, in proper person, or by his former counsel Jeffrey Dickerson. That does not, however, resolve the matter before the Court with regard to the instant motions for attorney fees and sanctions brought on behalf of Defendants Dugan and Wilds.

As noted by the Court at the hearing conducted June 24, 2010, the Court could readily conclude that further awards of attorneys fees or sanctions against Plaintiff are unnecessary given the previous Orders of the undersigned and other judges in this district directing Plaintiff Hussein and Jeffrey Dickerson, Esq., to pay substantial attorney fees in other various cases pending in this district. This might seem particularly appropriate in view of the award of attorney fees in the amount $1,317,028.50 imposed by the Honorable James C. Mahan in the consolidated cases 3:00-cv-4555 and 3:05-cv-00076. Nonetheless, the Court finds the Motions for Attorney Fees currently before the Court on behalf of Defendants' Dugan and Wilds deserve independent consideration.

On the record before the Court, there is no question the attorney fees requested in Defendant Dugan's motion in the amount of $49,291.50, and Defendant Wilds' motion in the amount of $12,487.50, are reasonable and reflect actual fees incurred by both Defendants, and through them the tax payers of the state

of Nevada, in defending against the five frivolous motions for sanctions most recently filed by Plaintiff Hussein and his counsel Jeffrey Dickerson.  Indeed, as this Court has previously found Hussein's motions for sanctions were vexatious and brought in bad faith thereby warranting the imposition of attorney fees in accord with 28 U.S.C. § 1927.

The Court's inherent authority to levy sanctions, including attorney fees, where a party has acted in bad faith, vexatiously or for oppressive reasons is clear. Fink v. Gomez, 239 F.3d 989, (9th Cir. 2001).  In considering the reasonableness of attorney fees, the Court considers a variety of factors in accord with local Rule 54-16.  Here the Court finds the attorney fees requested on behalf of Defendants Dugan and Wilds to be consistent with attorney fees awards in similar cases and commensurate with the results obtained in successfully defending against the unfounded motions for sanctions brought by Plaintiff Hussein and his counsel.  The time expended by counsel on behalf of Defendants Dugan and Wilds in defending the vexatious motions for sanctions was reasonable and the difficulty of the questions involved was compounded by the unfounded personal accusations against Defendants and their counsel as well as Plaintiff's misstatements of the record.  The seriousness of the accusations set forth Plaintiff Hussein's motions for sanctions predicably interfered with the ability of Defendant's counsel to engage in other practice and consumed an inordinate amount of time on their part.  Particularly troublesome are the personal attacks on counsel for Defendants who enjoy an excellent representation as experienced, able and highly professional attorneys in the state of Nevada.

Finally, when this case is placed in the context of the numerous other lawsuits filed by Plaintiff Hussein through his counsel Jeffrey Dickerson arising

from a common nucleus of facts, the undesirability of involvement of this litigation is readily apparent.

**IT IS THEREFORE ORDERED that** Defendant Mary Dugan's Motion for Sanctions in the Form of Attorney Fees (Doc. #387) is **GRANTED**, and that Plaintiff Hussein S. Hussein and his former counsel, Jeffrey Dickerson, Esq., are deemed to be jointly and severally liable for a sanction in the form of attorney fees in the amount of $49,291.50, payable to Kent R. Robison, Esq.

**IT IS FURTHER ORDERED that** Defendant Leah Wilds' Motion for Attorney Fees (Doc. #396) is **GRANTED**, and that Plaintiff Hussein S. Hussein and his former counsel, Jeffrey Dickerson, Esq., are deemed to be jointly and severally liable for a sanction in the form of attorney fees in the amount of $12,487.50, payable to Charles Hilsabeck, Esq.

**IT IS FURTHER ORDERED that** the sums provided above as for sanctions and attorney fees shall be paid by Plaintiff Hussein S. Hussein and/or his counsel Jeffrey Dickerson, Esq., within **sixty (60) days** of the date of this Order.

**IT IS FURTHER ORDERED that** Jeffrey Dickerson's Amended Emergency Motion to Strike Docket 387 and 396 (Doc. #440) as Joined by Plaintiff Hussein S. Hussein (Doc. #441) is **DENIED**.

DATED:  June 30, 2010.

_____
PHILIP M. PRO
United States District Judge