UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

-oOo-

| | | |
|---|---|---|
| HUSSEIN S. HUSSEIN, an individual, | ) ) ) | 3:05-CV-00381-PMP-RAM |
| Plaintiff, | ) ) | |
| vs. | ) ) | **ORDER** |
| MARY DUGAN and LEAH WILDS, | ) ) ) | |
| Defendants. | ) ) | |

       This action and several related law suits were commenced nearly a decade ago. On September 2, 2008, this Court entered an Order (Doc. #209) disposing of a variety of pending motions which collectively constituted the final judgments of this Court in this particular case. One of the motions adjudicated by the Court's Order (Doc. #209) entered September 2, 2008, was Plaintiff's Motion for Sanctions (Doc. #187).

       In 2008, appeals were taken by the Parties to the Ninth Circuit Court of Appeals. On October 20, 2011, the United States Court of Appeals for the Ninth Circuit filed a Memorandum/Opinion (Doc. #468) addressing the appeals in four separate cases. The Memorandum/Opinion was clarified by the Court of Appeals (Doc. #470) on December 13, 2011 and on March 8, 2012, the Court of Appeals for the Ninth Circuit entered its Mandate (Doc. #473). On April 27, 2012, the Order on Mandate (Doc. #476) was spread in this case and the Court ordered that the Parties file Supplemental Memoranda on the sole issue remanded to this Court for further consideration, to wit: to enable this Court, in Appeal 08-17589, to reconsider and entry of a new order relating to the award of monetary

sanctions entered by the Court on September 2, 2008, in the sum of $5,000. (Doc. #209) which had ordered that Defendant Wilds and her counsel pay to Plaintiff Hussein the sum of $5,000 in sanctions.

On March 18, 2013, the Court conducted a status hearing on remand (Doc. #483) which was attended by counsel for Defendants only.  Defendants argued that this Court's Sanction Order (Doc. #209) entered nearly five years ago should be vacated as it was apparent by Plaintiff Hussein's failure to participate in this case for a lengthy period that he had abandoned his motion for sanctions.  Rather than require additional briefing by counsel for Defendants, the Court directed that Defendants provide the Court with copies of the Briefs filed on appeal in the Ninth Circuit Court of Appeals.  Defendants filed the briefs as directed (Doc. #482) on March 19, 2013.

Having reviewed the lengthy record of these proceedings, and thereby having refreshed the undersigned's recollection of this long dormant case, the Court concludes that its original Order of Sanctions payable by Defendant Wilds and her counsel to Plaintiff Hussein (Doc. #209) was improvident.  Moreover, it is clear that Plaintiff Hussein has abandoned his request for sanctions on remand.

**IT IS THEREFORE ORDERED** that to the extent this Court's Order (Doc. #209) entered September 2, 2008 previously required Defendant Wilds and her counsel to pay Plaintiff Hussein the sum of $5,000 as sanctions, said Order is hereby vacated.

DATED: March 25, 2013.

_____
PHILIP M. PRO
United States District Judge