1

2

3

4

UNITED STATES DISTRICT COURT

5

DISTRICT OF NEVADA

6

-oOo-

7

8

HUSSEIN S. HUSSEIN,                    )        3:05-CV-00381-PMP-RAM
an individual,                         )
                    Plaintiff,         )

9                                      )

vs.                                    )        **ORDER**

10                                     )

MARY DUGAN and LEAH WILDS,             )

11                                     )
                    Defendants.        )

12    _____  )

13          This action and several related law suits were commenced nearly a decade ago.

14    On September 2, 2008, this Court entered an Order (Doc. #209) disposing of a variety of

15    pending motions which collectively constituted the final judgments of this Court in this

16    particular case.  One of the motions adjudicated by the Court's Order (Doc. #209) entered

17    September 2, 2008, was Plaintiff's Motion for Sanctions (Doc. #187).

18          In 2008, appeals were taken by the Parties to the Ninth Circuit Court of Appeals.

19    On October 20, 2011, the United States Court of Appeals for the Ninth Circuit filed a

20    Memorandum/Opinion (Doc. #468) addressing the appeals in four separate cases.  The

21    Memorandum/Opinion was clarified by the Court of Appeals (Doc. #470) on December 13,

22    2011 and on March 8, 2012, the Court of Appeals for the Ninth Circuit entered its Mandate

23    (Doc. #473).  On April 27, 2012, the Order on Mandate (Doc. #476) was spread in this case

24    and the Court ordered that the Parties file Supplemental Memoranda on the sole issue

25    remanded to this Court for further consideration, to wit: to enable this Court, in Appeal 08-

26    17589, to reconsider and entry of a new order relating to the award of monetary

1   sanctions entered by the Court on September 2, 2008, in the sum of $5,000. (Doc. #209)

2   which had ordered that Defendant Wilds and her counsel pay to Plaintiff Hussein the sum

3   of $5,000 in sanctions.

4       On March 18, 2013, the Court conducted a status hearing on remand (Doc. #483)

5   which was attended by counsel for Defendants only.  Defendants argued that this Court's

6   Sanction Order (Doc. #209) entered nearly five years ago should be vacated as it was

7   apparent by Plaintiff Hussein's failure to participate in this case for a lengthy period that he

8   had abandoned his motion for sanctions.  Rather than require additional briefing by counsel

9   for Defendants, the Court directed that Defendants provide the Court with copies of the

10  Briefs filed on appeal in the Ninth Circuit Court of Appeals.  Defendants filed the briefs as

11  directed (Doc. #482) on March 19, 2013.

12      Having reviewed the lengthy record of these proceedings, and thereby having

13  refreshed the undersigned's recollection of this long dormant case, the Court concludes that

14  its original Order of Sanctions payable by Defendant Wilds and her counsel to Plaintiff

15  Hussein (Doc. #209) was improvident.  Moreover, it is clear that Plaintiff Hussein has

16  abandoned his request for sanctions on remand.

17      **IT IS THEREFORE ORDERED** that to the extent this Court's Order (Doc.

18  #209) entered September 2, 2008 previously required Defendant Wilds and her counsel to

19  pay Plaintiff Hussein the sum of $5,000 as sanctions, said Order is hereby vacated.

20  DATED: March 25, 2013.

21

22

_____
23  PHILIP M. PRO
    United States District Judge

24

25

26

2